UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD AND JOY SEARLE h/w )<br>    Plaintiffs ) <br>  )<br>vs. )<br>  )<br>  )<br>CREDIT ADJUSTMENTS, INC. )<br>  )<br>    Defendant )<br>_____) | Case Number<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiffs, Gerald and Joy Searle, h/w, by and through their undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiffs, Gerald and Joy Searle, h/w, are adult natural persons and they bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that the Defendant transacts business in this District and maintains an address in this District.

### III.  PARTIES

4.      Plaintiffs, Gerald and Joy Searle, h/w is an adult natural person residing at 6635 County Road C, Delta, Ohio 43515-9221. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Credit Adjustments, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the state of Ohio and the Commonwealth of Pennsylvania with its principal place of business located at 330 Florence Street, Plaza Center, Defiance, Ohio 43512 and an address located at 600 N. 2nd Street, Ste. 401, Harrisburg, PA 17108.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7.      On or about September 17, 2010, Plaintiffs received notice from the Defendant collecting on an alleged debt owed to Midwest Community Health Associates.

8.      Defendant's stated that the Plaintiffs owed a total of $3,222.48, and that it had to be paid within ten (10) days of the date of the letter.

9.      Defendant's letter went on to threaten that if the payment was not received within ten (10) days that they had instructions to seek judgment and that they will

authorize their attorney to proceed with garnishment through Plaintiff, Gerald's employer, Shiloh Christian Union Church. **See Exhibit "A" (letter) attached hereto**.

10. The above mentioned debt was several years old and the Plaintiffs thought that it had been taken care of through their personal health insurance.

11. Plaintiff, Gerald, spoke with Defendant on or about that same day, explaining that he could not pay such a lump sum.

12. Defendant informed the Plaintiff, Gerald that failure to pay could also cause his real estate or personal property to be used if necessary to settle this matter.

13. On or about October 7, 2010, Plaintiffs received a second letter from the Defendant informing them that due to their negligence to respond to the previous letter that they had selected an attorney, "Jeffrey R. Lankenau", to file a complaint against them in the Fulton County Court. **See Exhibit "B" (letter) attached hereto**.

14. Defendant's letter now stated that the Plaintiffs owed $3,232.57, with no explanation as to the increase in the amount due.

15. On or about October 12, 2010, Plaintiffs sent a letter requesting validation of the above mentioned debt. **See Exhibit "C" (letter) attached hereto**.

16. On or about that same day, Plaintiff, Joy called Defendant and spoke with an agent by the name of "Daniel".

17. Defendant's agent, "Daniel", now told the Plaintiff, Joy, that they owed a total balance of $3,236.50.

18. Plaintiff, Joy, stated that Defendant's agent, "Daniel", was curt and that he clearly did not want to help in this matter.

19. Defendant's agent, "Daniel", refused to offer any kind of validation for this account and told the Plaintiff, Joy, that he could not bring that information up on his system.

20. Defendant's agent, "Daniel", eventually told the Plaintiff, Joy that the bills stemmed back to a March 13, 2007 with a charge of $79.21 for Joy and the remainder of the charges being for Plaintiff, Gerald.

21. Before ending the call, Defendant's agent, "Daniel", stated that the account needed to be paid in full no later than October 15, 2010.

22. On or about October 19, 2010, Plaintiffs received validation on above mentioned account in the form of an Account Charge Activity Summary from the Defendant.

23. The summary from Defendant contradicted in several ways what the Plaintiffs had been told by Defendant's agent, "Daniel", first and foremost stating that the amount due was $2,558.08.

24. Also, Plaintiff, Joy, was not listed on the bill, but instead Plaintiffs minor daughter who is and was on Medicaid at the time of these charges which go back to 2006.

25. Defendant still in no way explained the discrepancy of the $678.00 additional charges added to the account.

26. On or about November 22, 2010, Plaintiffs received a complaint from the Defendant looking for judgment on this account against Plaintiff, Gerald. **See Exhibit 'D" (complaint) attached hereto**.

27. The Plaintiffs have suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

28. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, emotional distress, fear, frustration and embarrassment.

29. The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

30. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiffs to pay the debt.

31. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

32. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

33. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

34. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

35. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs reputation, invasion of privacy, damage to Plaintiffs credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

### COUNT I – FDCPA

36. The above paragraphs are hereby incorporated herein by reference.

37. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

38. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§:

§§1692d: Any conduct the natural consequences of which is to harass, oppress or abuse any person

§§1692e: Any other false, deceptive, or misleading representation or means in connection with the debt collection

§§1692e(4): Nonpayment of any debt will result in seizure, garnishment or attachment

§§1692(5): Threaten to take any action that cannot legally be taken or that is not intended to be taken

§§1692e(10): Any false representation or deceptive means to collect a debt

  §§1692f:  Any unfair or unconscionable means to collect or attempt to collect the alleged debt

  §§1692f(5):  Caused charges to made to the consumer

  §§1692f(6):  Threaten unlawfully repossess or disable the consumers property

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant, Credit Adjustments, Inc. for the following:

 a. Actual damages;

 b. Statutory damages pursuant to 15 U.S.C. § 1692k;

 c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

 d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

**Date: November 22, 2010**  **BY:**  */s/ Brent F. Vullings*
  Brent F. Vullings, Esquire
  Warren & Vullings, LLP
  1603 Rhawn Street
  Philadelphia, PA  19111
  215-745-9800   Fax 215-745-7880
  Attorney for Plaintiff